United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 17-20656-CR-Scola |
| | ) |
| Martines Ernesto Tumbaco Pilag, | ) |
| Defendant. | ) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Martines Ernesto Tumbaco Pilag's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 151.) The Government has responded (Am. Resp., ECF No. 156), and the time for the Defendant to file a reply has elapsed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 151**.)

1. **Background**

On April 4, 2018, the Defendant Martines Ernesto Tumbaco Pilag was sentenced to a term of imprisonment of 120 months after pleading guilty to conspiracy to possess with intent to distribute and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70506(b) and 70503(a)(1). (ECF Nos. 41, 42, 72, 81.) The Sentencing Guidelines range was 135 to 168 months of imprisonment based on an offense level of 33 and criminal history category I.

Since Tumbaco Pilag's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Tumbaco Pilag now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 120 months in prison.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Tumbaco Pilag's motion fails because he is a zero-point offender, but the Court sentenced him to the statutory mandatory minimum for his offense. The First Step Act expanded safety valve relief to defendants convicted under Title 46, but the expansion does not apply retroactively. *See* Section 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221 (2018). The Court therefore cannot reduce

Tumbaco Pilag's sentence below the statutory minimum sentence of 120 months. *See, e.g., United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir.1996) (defendant not entitled to a reduction in sentence pursuant to Amendment 516 because original sentence was the statutory minimum term of 60 months), *cert. denied*, 520 U.S. 1180 (1997).

Because the application of Amendment 821 would not reduce the Defendant's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that the Defendant's motion for reduction of sentence is **denied**. (**ECF No. 151**.)

**Done and ordered** at Miami, Florida on April 12, 2024.

_____
Robert N. Scola, Jr.
United States District Judge